UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

HUKKSTER, INC.,

                Debtor.
------------------------------------------------------------------X

Chapter 7

14-12464 (SHL)

**ORDER, PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND FED. R. BANKR. P. 2002, 4001, 6004, AND 9008, APPROVING BID PROCEDURES TO BE USED IN CONNECTION WITH A SALE OF ESTATE'S ASSETS FREE AND CLEAR OF LIENS, SCHEDULING AN AUCTION AND SALE HEARING, APPROVING RELATED NOTICES, AND GRANTING RELATED RELIEF**

Upon the *Chapter 7 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105 and 363 and Rules 2002, 4001, 6004, and 9008 of the Federal Rules of Bankruptcy Procedure, Seeking Entry of Orders: (I) Approving Bid Procedures, Scheduling the Auction and Sale Hearing, and Approving Related Notices; and (II) Approving the Sale of the Estate's Assets Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief*, dated September 9, 2014 (the "**Motion**"), of Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") of the chapter 7 bankruptcy estate ("**Estate**") of Hukkster, Inc., the above-captioned debtor (the "**Debtor**"); and the Motion having sought entry, pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 4001, 6004 and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), of (I) an order (the "**Bid Procedures Order**"), among other things, (A) approving bid procedures (the "**Bid Procedures**") in connection with the Trustee's proposed sale (the "**Sale**") of the Estate's right, title, and interest in substantially all of the Debtor's Assets (collectively, the "**Assets**"), (B) scheduling an auction (the "**Auction**") and a sale hearing (the "**Sale Hearing**") and approving the form and manner of notice thereof; and (II) an order (the "**Sale Order**") (A) approving the Trustee's sale of the

Estates' right, title and interest in the Assets to the bidder submitting the highest and best bid free and clear of liens, claims, encumbrances and interests; and (B) granting related relief; and upon the Court's consideration of the Motion, the record of the hearing held on October 9, 2014 with respect to the Motion (the "**Bid Procedures Hearing**"); and good and sufficient notice of the Motion and the Bid Procedures Hearing having been given and no other or further notice of the Motion or the Bid Procedures Hearing being required; and upon all of the proceedings had before the Court; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

      A.    The Court has jurisdiction over this Motion, this matter and over the property of the Estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 2002, 4001, 6004 and 9008. Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    The relief granted herein is in the best interests of the Estate, all creditors and other parties in interest.

      C.    The notice of the Motion and the Bid Procedures Hearing given by the Trustee constitutes due and sufficient notice thereof.

      D.    The Trustee has articulated good and sufficient reasons for the Court to (i) approve the Bid Procedures, including the authorization to select a Stalking Horse Bidder and to offer any such Stalking Horse Bidder a break-up fee, expense reimbursement and other bid protections; (ii) approve the form and manner of notice of the Auction and the Sale Hearing; and (iii) schedule the date of the Auction and the Sale Hearing.

   E. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing the realizable value of the Assets.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

   1. The Motion is granted, as provided herein.

   2. The Bid Deadline is **November 10, 2014 at 5:00 p.m. (New York time)**.

   3. The Auction shall be held on **November 17, 2014 at 10:00 a.m. (New York time)** at Meyer, Suozzi, English & Klein, P.C., 1350 Broadway, Suite 501, New York, New York or such other location reasonably determined by the Trustee in advance of the Auction, provided that the Trustee may change the location of the Auction upon reasonable notice to Qualified Bidders and further provided that the Trustee shall have the right to adjourn or cancel the Auction at any time by delivering notice of such adjournment or cancellation to all Qualified Bidders.

   4. The Court shall hold the Sale Hearing on **November 20, 2014, at 11:00 a.m. (New York time)**, at which time the Court will consider approval of the Sale of the Assets to the Successful Bidder(s) and the Trustee's selection of the Back-Up Bidder(s), and confirm the results of the Auction, if any.

   5. Objections to the Sale, if any, must be in writing and must be filed and served so as to be actually received by the Bankruptcy Court and the following parties on or before the end of the day on **November 18, 2014** (the "**Objection Deadline**"):

   6. The failure to file and serve an objection to the Sale by the Objection Deadline shall be a bar to the assertion thereof at the Sale Hearing or thereafter.

   7. The Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in open Court or the entry of a notice of such adjournment on the Court's docket.

8. The Trustee is authorized but not directed to enter into one or more Purchase Agreements with one or more Stalking Horse Bidders according to the terms of the Bid Procedures.

9. If the Trustee designates a Stalking Horse Bidder, any break-up fee and/or expense reimbursement shall constitute a super-priority administrative claim against the Estate pursuant to sections 503(b) and 364(c)(1) of the Bankruptcy Code.

10. The Trustee is authorized to take any and all actions as contemplated by the Bid Procedures prior to the Auction and the Sale Hearing, including, without limitation, actions to notify creditors or other interested parties regarding the Sale and to obtain any and all necessary consents or approvals regarding the Sale.

11. Notice of (a) the Motion, (b) the Bid Procedures, (c) the Auction, (d) the Objection Deadline, and (e) the Sale Hearing shall be good and sufficient, and no other or further notice shall be required, if notice is given as follows:  (x) within three (3) business days after entry of this Order, the Trustee or her agents shall: serve a notice, in substantially the form attached hereto as Exhibit 1 (the "**Sale Notice**"), upon (i) the Office of the United States Trustee; (ii) those parties that have requested notice pursuant to Bankruptcy Rule 2002; (iii) all known creditors of the Debtor and all entities known to have asserted any claims against the Assets or the Estate's interest in the Assets and other entities known to have asserted a lien, interest or encumbrance in or upon any of the Assets (without exhibits); and (iv) all known bona fide entities that have previously expressed an interest in purchasing the Assets in the last twelve months preceding the date of the Motion; and (y) within five (5) business days after entry of this Order publish an advertisement one time in a print or digital version of the New York Times or Wall Street Journal.

12. The Bid Procedures, substantially in the form annexed to the Sale Notice as Exhibit A and the form of Purchase Agreement attached to the Bid Procedures, are incorporated herein by reference and are hereby approved. The failure specifically to include or reference a particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such provision.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
October 16, 2014

*/s/ Sean H. Lane*
United States Bankruptcy Judge