**Presentment Date and Time: November 7, 2014 at 12:00 p.m.**
                                                      **Objection Deadline:      November 7, 2014 at 11:00 a.m.**

Jil Mazer-Marino, Esq.
Jessica G. Berman, Esq.
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

*Counsel for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:

                                                                               Chapter 7

**HUKKSTER, INC.,**

                                                                               Case No. 14-12464 (SHL)

                                            **Debtor.**
------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF PROPOSED ORDER STIPULATION
RESOLVING MOTION AND EXTENDING BID DEADLINE AND AUCTION DATE**

        **PLEASE TAKE NOTICE** that on November 6, 2014, Jil Mazer-Marino, the chapter 7 trustee for the above-captioned chapter 7 estate (the "**Trustee**"), filed the annexed application (the "**Application**") seeking for an order approving the *Stipulation Resolving Motion and Extending Bid Deadline and Auction Date* (the "**Stipulation**"), entered into with SaleSpy, Inc. d/b/a MySaleSpy.com ("**MySaleSpy**"), on November 6, 2014.

        **PLEASE TAKE FURTHER NOTICE** that the undersigned will present the attached proposed Order granting the Application to the Honorable Sean H. Lane, United States Bankruptcy Judge, for signature and entry on **November 7, 2014 at 12:00 p.m.**, at his Chambers at United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed order must be made in writing, stating with particularity the grounds therefore and be filed with the Court, with a Courtesy Copy to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and be served upon the undersigned attorneys for the Trustee and the office of the U.S. Trustee, so as to be received no later than **November 7, 2014, at 11:00 a.m. Unless objections are received by that time, the proposed Order may be signed. If an objection is timely filed and served, the Court may schedule a hearing.**

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Application, if any, shall be filed with the Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242.

**Dated: Garden City, New York**
         November 6, 2014                    MEYER SUOZZI ENGLISH & KLEIN, P.C.
                                             *Counsel for the Chapter 7 Trustee*

                                             By: */s/ Jil Mazer-Marino*
                                                  Jil Mazer-Marino
                                                  Jessica G. Berman
                                             990 Stewart Avenue, Suite 300
                                             P.O. Box 9194
                                             Garden City, New York 11530-9194
                                             Telephone:    (516) 741-6565
                                             Facsimile:    (516) 741-6706

2

1024797


Jil Mazer-Marino, Esq.
Jessica G. Berman, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
Garden City, New York  11530-9194
Telephone:  (516) 741-6565
Facsimile:   (516) 741-6706

*Counsel for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HUKKSTER, INC.,

             Debtor.
------------------------------------------------------------X

Chapter 7

14-12464 (SHL)

### TRUSTEE'S APPLICATION FOR ORDER APPROVING STIPULATION RESOLVING MOTION AND EXTENDING BID DEADLINE AND AUCTION DATE

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for bankruptcy estate of Hukkster, Inc. (the "**Debtor**"), in support of this application (the "**Application**") for an order approving the *Stipulation Resolving Motion and Extending Bid Deadline and Auction Date* (the "**Stipulation**"), attached hereto as Exhibit "A," entered into with SaleSpy, Inc. d/b/a MySaleSpy.com ("**MySaleSpy**"), on November 6, 2014, respectfully sets forth as follows:

### JURISDICTION

1.    This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

## REQUEST FOR RELIEF

2.    By this Application, the Trustee requests this Court approve the Stipulation. The Stipulation resolves *MySaleSpy.com's Motion for Entry of an Order (A) Compelling Compliance with Sale Procedures; and (B) Extending Bid Deadline and Auction Date* (the "**Motion to Compel**") filed by MySaleSpy. The Stipulation also extends certain deadlines set forth in the *Trustee's Bid Procedures for Trustee's Sale of Substantially All of the Debtor's Right, Title and Interest in and to its Assets* (the "**Bid Procedures**")[1].

3.    In addition, the Trustee also requests that the Court adjourn the Sale Hearing to a date that is approximately one week following the Auction, and the Objection Deadline to a date that is two business days prior to the Sale Hearing, which dates were fixed by the Court's October 16, 2014 order approving the Bid Procedures (the "**Bid Order**").

## FACTS

**A.    Background.**

4.    On August 27, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5.    On the Petition Date the Trustee was appointed the interim chapter 7 trustee of the Debtor's estate pursuant to Bankruptcy Code section 701(a).

6.    Following a duly convened meeting of creditors, on October 1, 2014, the Trustee qualified as permanent trustee of Debtor's estate.

**B.    The Sale Process.**

7.    On September 9, 2014, the Trustee filed her *Chapter 7 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105 and 363 and Rules 2002, 4001, 6004, and 9008 of the Federal*

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Bid Procedures.

*Rules of Bankruptcy Procedure, Seeking Entry of Orders: (I) Approving Bid Procedures, Scheduling an Auction and Sale Hearing, and Approving Related Notices; and (II) Approving the Sale of the Estate's Assets Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief* [Docket No. 5], which, in connection with a sale of all or substantially all of the Debtor's assets (the "**Assets**"), sought Court approval for (i) the Bid Procedures, and (ii) a sale of the Assets free and clear of all liens, claims, encumbrances, and other interests.

8.   On October 16, 2014, the Court entered the Bid Order, approving the Bid Procedures. The Bid Procedures set (i) a Bid Deadline of November 10, 2014 at 5:00 p.m.; and (ii) an Auction date of November 17, 2014 at 10:00 a.m.

9.   Immediately following her appointment on the Petition Date the Trustee began marketing the Assets to potential bidders in order to generate interest in the Assets and obtain the highest and best price possible for the estate.

10.  Potential bidders requested a variety of information from the Trustee in connection with the Assets. Responding to information requests presented unique challenges for the Trustee. First, the Trustee did not have the technical expertise and institutional knowledge to obtain the computer code, related software, and customer data. Second, to prevent theft of the computer code and related software, these Assets could not be provided directly to bidders for inspection, rather the code needed to be viewed by bidders on an "offline" computer in the Trustee's offices in New York. Third, the Debtor's demographic data was stored on AWS (i.e., Amazon Web Services) and in order to access that information, the Trustee was required to use an account provided by AWS's partner, namely Cloudnexa. Cloudnexa terminated the account following the Petition Date and would not reopen the account unless all fees due following the Petition Date were paid in full (notwithstanding that the Trustee had not requested nor authorized

3

services to be provided by Cloudnexa to the estate). The Cloudnexa account was not reactivated until November 6, 2014.

11. Moreover, as of the Petition Date, the estate had limited cash on hand. Accordingly, there were insufficient funds for the estate to obtain full time technical assistance for the sale process.

12. Notwithstanding these hurdles, the Trustee received substantial interest in the Assets and has provided access to the code and other information to potential bidders, pursuant to the terms of non-disclosure agreements executed by such potential bidders.

C.     **The Trustee's Dealings with MySaleSpy.**

13. Early on in the sale process, the Trustee was contacted by representatives of MySaleSpy. As outlined above, the Trustee was unable to provide much useful information to any potential bidder until approximately Wednesday, October 29, 2014, a day or so after the computer code was downloaded onto an "offline" computer.

14. It was not until October 30, 2014 that MySaleSpy articulated the specific due diligence requests referenced in the Motion to Compel. The Trustee attempted to respond to MySaleSpy's requests for information and invited MySaleSpy to view the computer code in her New York office. On that date, MySaleSpy wrote to the Trustee, advised that viewing the code at the Trustee's New York office would not permit MySaleSpy with enough time to prepare a bid because many of its developers were out-of-state or out-of-country, and requested a three week extension of the bid deadline. In response, the Trustee advised MySaleSpy that she regretted that MySaleSpy was not able to submit a bid timely. The Trustee further stated that if other bidders express a similar concern, she would consider an extension of the bid deadline, but in any event,

4

a three week extension could prejudice the estate as it could cause potential bidders to walk away from the sale due to delay (especially those interested in bidding on the customer list).

15.     On November 5, 2014, MySaleSpy filed (i) the Motion to Compel, and (ii) *MySaleSpy.com's Motion to Shorten Notice and For Expedited Hearing on MySaleSpy.com's Motion for Entry of an Order (A) Compelling Compliance with Sale Procedures; and (B) Extending Bid Deadline and Auction Deadline* (the "**Motion to Shorten Time**").

16.     On November 5, 2014, the Court entered an order granting the Motion to Shorten Time and set a hearing on the Motion to Compel for November 10, 2014.

17.     On November 5, 2014, MySaleSpy also served the Trustee with (i) MySaleSpy.com's *First Set of Interrogatories to the Trustee* (the "**Interrogatories**"); and (ii) MySaleSpy.com's *First Request for Production of Documents from the Trustee* (the "**Request for Documents**").

**D.     The Stipulation Resolving the Motion to Compel.**

18.     The Trustee and MySaleSpy have reached an agreement that resolves the Motion to Compel, which is embodied in the Stipulation, attached hereto as Exhibit "A." Under the Stipulation: (a) the Bid Deadline is extended to **November 20, 2014 at 5:00 p.m.** for all potential bidders; (b) the deadline for the Trustee to make a determination regarding whether a bid is a Qualified Bid and notify bidders whether their bids have been determined to be Qualified Bids is extended to **November 21, 2014 at 12:00 p.m.**; and (c) the Auction shall be held on **November 24, 2014 at 10:00 a.m.**, provided that the Trustee shall have the right to adjourn or cancel the Auction at any time by delivering notice of such adjournment or cancellation to all

Qualified Bidders.[2]  In addition, under the Stipulation, MySaleSpy will withdraw the Motion to Compel and the Interrogatories and Document requests.

## BASIS FOR RELIEF

19.  The Trustee believes that the Stipulation is in the best interests of the estate because it permits MySaleSpy to participate in the sale process without an extensive delay in the sale process that could jeopardize participation by other potential bidders.  Moreover, the Stipulation eliminates any costs associated with litigating MySaleSpy's claims.  Most importantly, because Cloudnexa only recently reactivated the Debtor's account, an extension will permit the Trustee to respond to due diligence requests from other potential bidders.  Accordingly, a short extension of the bid deadline is appropriate.

20.  By this Application, the Trustee is also requesting that this Court reschedule the Objection Deadline and the Sale Hearing date.  Those two deadlines are fixed in the Bid Order, and, arguably, because they are Court Ordered dates, should only be changed by further order of the Court.

## NOTICE

21.  Notice of this Application will be given to MySaleSpy, counsel to the Debtor, the United States Trustee for the Southern District of New York, and all parties that filed a notice of appearance in this case.  The Trustee submits that, under the circumstances, no other or further notice is required.

22.  Upon entry of the Stipulation, the Trustee will provide notice of the revised Bid Deadline, time to notify bidders that they are Qualified Bidders and the revised Auction Date,

---

[2] Section I of the Bid Procedures expressly authorizes the Trustee to modify such procedures in the exercise of her fiduciary duty.

Objection Deadline and Sale Hearing to all parties that expressed an interest in acquiring the Debtor's Assets.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit "B," approving the Stipulation and adjourning the Sale Hearing to a date that is approximately one week following the Auction, and the Objection Deadline to a date that is two business days prior to the Sale Hearing.

Dated:   Garden City, New York
         November 6, 2014

         **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

         By: */s/ Jil Mazer-Marino*
             Jil Mazer-Marino
             Jessica G. Berman
         990 Stewart Avenue, Suite 300
         P.O. Box 9194
         Garden City, New York  11530-9194
         Telephone:    (516) 741-6565
         Facsimile: (516) 741-6706

         *Counsel for the Chapter 7 Trustee*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

HUKKSTER, INC.,

Debtor.
------------------------------------------------------------X

Chapter 7

14-12464 (SHL)

## STIPULATION RESOLVING MOTION AND EXTENDING BID DEADLINE AND AUCTION DATE

This stipulation (the "**Stipulation**") is made by and between Jil Mazer-Marino, as chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Hukkster, Inc. (the "**Debtor**") and SaleSpy, Inc. d/b/a MySaleSpy.com ("**MySaleSpy**" and together with the Trustee, the "**Parties**").

**WHEREAS,** on August 27, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"); and

**WHEREAS,** on the Petition Date the Trustee was appointed the interim chapter 7 trustee of the Debtor's estate pursuant to Bankruptcy Code section 701(a); and

**WHEREAS,** following a duly convened meeting of creditors, on October 1, 2014, the Trustee qualified as permanent trustee of Debtor's estate; and

**WHEREAS,** on September 9, 2014, the Trustee filed her *Chapter 7 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105 and 363 and Rules 2002, 4001, 6004, and 9008 of the Federal Rules of Bankruptcy Procedure, Seeking Entry of Orders: (I) Approving Bid Procedures, Scheduling an Auction and Sale Hearing, and Approving Related Notices; and (II) Approving the Sale of the Estate's Assets Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief* [Docket No. 5], which, in connection with a sale of all or substantially all of the Debtor's assets (the "**Assets**"), sought Court approval for (i) the *Trustee's Bid Procedures for Trustee's Sale of Substantially All of the Debtor's Right, Title and Interest in and to its Assets*

(the "**Bid Procedures**")[1], and (ii) a sale of the Assets free and clear of all liens, claims, encumbrances, and other interests; and

WHEREAS, on October 16, 2014, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order on the docket of this case (the "**Bid Order**"), approving the Bid Procedures and setting (i) a Bid Deadline of November 10, 2014 at 5:00 p.m.; and (ii) an Auction date of November 17, 2014 at 10:00 a.m.; and

WHEREAS, on November 5, 2014, MySaleSpy filed (i) *MySaleSpy.com's Motion for Entry of an Order (A) Compelling Compliance with Sale Procedures; and (B) Extending Bid Deadline and Auction Date* (the "**Motion to Compel**"), and (ii) *MySaleSpy.com's Motion to Shorten Notice and For Expedited Hearing on MySaleSpy.com's Motion for Entry of an Order (A) Compelling Compliance with Sale Procedures; and (B) Extending Bid Deadline and Auction Deadline* (the "**Motion to Shorten Time**"); and

WHEREAS, on November 5, 2014, the Court entered an order of the docket of this case [Docket No. 25] granting the Motion to Shorten Time; and

WHEREAS, on November 5, 2014, MySaleSpy served the Trustee with (i) *MySaleSpy.com's First Set of Interrogatories to the Trustee* (the "**Interrogatories**"); and (ii) *MySaleSpy.com's First Request for Production of Documents from the Trustee* (the "**Request for Documents**");

WHEREAS, MySaleSpy asserts in the Motion to Compel that it has been prejudiced by the timeline set forth in the Bid Order and requires a three week extension of the Bid Deadline to complete due diligence because it has not had sufficient time or information to adequately evaluate the Assets and prepare a bid;

---

[1] All terms not defined herein have the meaning ascribed to them in the Bid Procedures.

**WHEREAS,** the Trustee believes a three week delay in the sale process will deter competitive bidding and will prejudice the Debtor's estate; and

**WHEREAS,** the Parties desire to consensually resolve their disputes on the terms set forth herein.

**NOW, THEREFORE,** for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. Each of the facts set forth in the "Whereas" clauses above is incorporated herein by reference.

2. The deadlines set forth in the Bid Order shall be extended, such that (i) any person or entity interested in participating in the Auction must submit a Qualified Bid so that it is received by the Trustee on or before **November 20, 2014 at 5:00 p.m.**; and (ii) the Trustee shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids by no later than **November 21, 2014 at 12:00 p.m.**; and (iii) the Auction shall be held on **November 24, 2014 at 10:00 a.m.**, provided that the Trustee shall have the right to adjourn or cancel the Auction at any time by delivering notice of such adjournment or cancellation to all Qualified Bidders.

3. In consideration of the Trustee's agreement to extend the deadlines set forth in the Bid Order, MySaleSpy (i) hereby withdraws the requests for relief MySaleSpy made in the Motion to Compel; and (ii) acknowledges and agrees that neither the Trustee, nor the Debtor's estate, has the obligation to answer or respond to the Interrogatories and Document Requests.

4. Nothing herein shall constitute a waiver of MySaleSpy's rights to seek further modifications of the Bid Procedures or any other relief requested in the Motion to Compel, or to pursue discovery from the Trustee upon MySaleSpy filing any objection or motion related to the sale of Assets, all of which are reserved.

5.  This Stipulation is subject to Court approval, and shall not become effective or enforceable unless and until such Court approval is obtained.

6.  The Court shall retain exclusive jurisdiction over all disputes regarding this Stipulation.

7.  This Stipulation may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

8.  The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective party or client.

9.  This Stipulation shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

10. This Stipulation may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

| | |
|---|---|
| Dated:   Garden City, New York<br>November 6, 2014 | Dated:   New York, New York<br>November 6, 2014 |
| | SALESPY INC. |
| */s/ Jil Mazer-Marino* | By: */s/ Gregory R. Gora* |
| Jil Mazer-Marino<br>Chapter 7 Trustee for Hukkster, Inc.<br>Meyer, Suozzi, English & Klein, P.C.<br>990 Stewart Avenue, Suite 300<br>Garden City, NY 11530 | Gregory R. Gora<br>P.O. Box 1231<br>New York, NY 10163<br>New York, NY 10017 |

-4-

1024644

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

**HUKKSTER, INC.,**

                  **Debtor.**

------------------------------------------------------------X

Chapter 7

14-12464 (SHL)

## ORDER (I) APPROVING STIPULATION RESOLVING MOTION AND EXTENDING BID DEADLINE AND AUCTION DATE AND (II) ADJOURNING SALE HEARING

Upon the application (the "**Application**") of Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate ("**Estate**") of Hukkster, Inc. ("**Hukkster**"), for entry of an order, pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), for approval of the *Stipulation Resolving Motion and Extending Bid Deadline and Auction Date* (the "**Stipulation**"), entered into by the Trustee with SaleSpy, Inc. d/b/a MySaleSpy.com ("**MySaleSpy**"), on November 6, 2014; and good and sufficient notice of the Application having been given and no other or further notice being required; and any objections to the Application having been overruled; and it appearing that the Court has jurisdiction over this matter; and after due deliberation thereon, it is

    **ORDERED** that the Application is granted; and it is further

    **ORDERED** that the Stipulation, attached to the Application as Exhibit "A," is approved; and it is further

    **ORDERED** that the hearing scheduled for November 20, 2014, at 11:00 a.m. (the "**Sale Hearing**") is hereby adjourned to _____, 2014, at _____ (New York Time), at which time the Court will consider approval of the sale of all or substantially all of the assets of the Debtor's Estate (the "**Sale**") and confirm the results of any auction; and it is further

**ORDERED** that objections to the Sale, if any, must be in writing and must be filed and served so as to be actually received by the Bankruptcy Court and the Trustee on or before the end of the day on November 18, 2014 (the "**Objection Deadline**"); and it is further

**ORDERED** that the failure to file and serve an objection to the Sale by the Objection Deadline shall be a bar to the assertion thereof at the Sale Hearing or thereafter; and it is further

**ORDERED** that the Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in open Court or the entry of a notice of such adjournment on the Court's docket; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
_____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE